IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MUTUAL OF WAUSAU INSURANCE CORPORATION as subrogee of GAIL JOHNSON,

Plaintiff.

Case No. 2026-cv-1725

v.

ELECTROLUX HOME PRODUCTS, INC.

Defendant.

**COMPLAINT**

NOW COMES the Plaintiff, MUTUAL OF WAUSAU INSURANCE CORPORATION a/s/o GAIL JOHNSON, by and through its attorneys, Thompson Brody & Kaplan, LLP, and for its Complaint against the Defendant, ELECTROLUX HOME PRODUCTS, INC., alleges as follows:

**THE PARTIES**

1. At all times relevant, the Plaintiff, MUTUAL OF WAUSAU INSURANCE CORPORATION (hereinafter referred to as "Wausau"), was a Wisconsin corporation with its headquarters and principal place of business located at 3910 West Stewart Avenue in Wausau, Wisconsin, and was licensed to issue policies of insurance to homeowners in the State of Wisconsin.

2. At all times relevant, the insured, GAIL JOHNSON (hereinafter referred to as "Ms. Johnson"), was the owner of the subject property located at N5691 County Road G in Saint Cloud, Wisconsin (hereinafter referred to as "subject property").

3. At all times relevant, the insured purchased and maintained an insurance policy with Wausau for the subject property, and this policy was in full force and effect on April 10, 2024, the date of this loss.

4. At all times relevant, the Defendant, ELECTROLUX HOME PRODUCTS, INC. (hereinafter referred to as "Electrolux"), was a foreign corporation organized under the laws of the State of Delaware with its principal place of business at 10200 David Taylor Drive in Charlotte, NC 28262.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the controversy pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists amongst the Parties.

6. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of this action is located in this judicial district.

**FACTS**

7. Prior to April 10, 2024, Ms. Johnson purchased a Frigidaire model FFGF3054TBD oven (hereinafter referred to as "the subject oven") manufactured by Electrolux, and later placed into the subject property.

8. Upon information and belief, Electrolux designed, manufactured, and distributed the subject oven.

9. At all times relevant, Electrolux placed its product into the stream of commerce, including the State of Wisconsin.

10. At all times relevant, Electrolux placed the subject oven into the stream of commerce, while it was defective and/or inherently dangerous.

11. On or about April 10, 2024, a fire started at the subject property within the subject oven and caused significant fire and smoke damage to the subject property and the personal property therein.

12. At all times after purchase, the subject oven remained in the same condition and was not altered or changed in any way by Ms. Johnson.

13. After the fire, it was determined that the fire resulted in a defect within the oven that allowed radiant heat to ignite combustibles in the storage drawer of the oven.

14. As a result of the fire, Ms. Johnson incurred significant damage to the subject property and the personal property therein.

15. Ms. Johnson submitted a claim to Wausau under Claim No. 20-2024-166 and requested payment for the damages incurred as a result of the fire.

16. Pursuant to its policy of insurance, Wausau thereby became obligated to pay and did pay Ms. Johnson for the damages incurred in the amount of $353,413.07.

17. Wausau therefore became subrogated to the rights of its insured to the extent of the payments made on the claim.

## COUNT I

## Strict Product Liability

18. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

19. Electrolux designed, manufactured, and sold the subject oven during its ordinary course of business.

20. The subject oven was not altered in any way after delivery to Ms. Johnson.

21. At all times relevant, when Electrolux placed the subject oven into the stream of commerce, it owed a duty to design and manufacture the subject oven to ensure that the product was safe for its intended use and to adequately and conspicuously warn of any potential risks or hazards associated with the use of the oven.

22. At all times relevant, when Electrolux placed the subject oven into the stream of commerce, it knew or should have known that the subject oven was dangerous and/or defective in its design and manufacture as it could catch fire under normal use.

23. As a direct and proximate result of the unreasonably dangerous and defective Electrolux product and its failure, the subject property and business property located therein were damaged by fire.

24. As a direct and proximate result of the unreasonably dangerous and defective Electrolux product and its failure, the Plaintiff has been harmed and has incurred the damages claimed herein.

WHEREFORE, Plaintiff, MUTUAL OF WAUSAU INSURANCE CORPORATION a/s/o GAIL JOHNSON, respectfully requests that this Court enter judgment in its favor and against the Defendant, ELECTROLUX HOME PRODUCTS, INC., in the amount of $353,413.07 together with costs, interest and any additional relief this Court deems just and appropriate.

## COUNT II

## Negligence

25. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

26. At all times relevant, when Electrolux placed the subject oven into the stream of commerce, it owed a duty to exercise reasonable care in the design, manufacture, and sale of the subject oven to ensure that the product was safe for its intended use.

27. Notwithstanding those duties, Electrolux was negligent in one or more of the following ways:

a. Failed to use reasonable care in the manufacture and design of the subject oven so as to prevent the risk of fire;

b. Failed to properly insulate the oven so as to prevent ignition of combustibles in the storage area;

c. Failed to adequately and conspicuously warn of the ignition of combustibles in the storage area of the oven; and

d. Was otherwise careless and/or negligent.

28. As a result of one or more of the foregoing negligent acts or omissions, the subject property caught fire and Plaintiff sustained damages totaling $353,413.07.

WHEREFORE, Plaintiff, MUTUAL OF WAUSAU INSURANCE CORPORATION a/s/o GAIL JOHNSON, respectfully requests that this Court enter judgment in its favor and against the Defendant, ELECTROLUX HOME PRODUCTS, INC., in the amount of $353,413.07 together with costs, interest and any additional relief this Court deems just and appropriate.

Dated: September 22, 2026

By: */s/Matthew S. McLean*

Matthew S. McLean
161 N. Clark Street, Suite 3575
Chicago, IL 60601
Telephone: 312.374.8879
McLean@tbkllp.com

Counsel for Plaintiff MUTUAL OF
WAUSAU INSURANCE CORPORATION
a/s/o GAIL JOHNSON